Case 2:20-cv-00195   Document 14   Filed on 10/22/20 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
October 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN CARLOS GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-195 |
| | § | |
| JUAN CARLOS GARCIA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Juan Carlos Garcia is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that: (1) Plaintiff's claims for money damages against Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment; (2) Plaintiff's constitutional claims and claim pursuant to the Prison Rape Elimination Act (PREA) against Defendants be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); (3) the Court **DECLINE** to exercise supplemental jurisdiction with respect to Plaintiff's state law claim for intentional infliction of emotional distress; and (4) Plaintiff's state law claim for intentional infliction

of emotional distress be **DISMISSED without prejudice**. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Preston E. Smith Unit in Lamesa, Texas. Plaintiff's allegations arise in connection with his previous housing assignment at the Garza West Unit in Beeville, Texas.

In his original complaint, Plaintiff names the following Garza West Unit officials as defendants: (1) Officer Juan Carlos Garcia; and (2) Sgt. Colunga. Plaintiff claims that Defendants engaged in acts of sexual harassment as well as retaliation. Plaintiff further asks the Court to exercise supplemental jurisdiction over his state law claim for intentional infliction of emotional distress. Plaintiff seeks monetary relief.

A *Spears*[2] hearing was conducted on September 16, 2020. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

(D.E. 1): Plaintiff is 34 years old, is 6'2" tall, and weighs 280 pounds. He has been diagnosed with schizophrenia and is bisexual. Plaintiff arrived at the Garza West Unit in August 2017 and was housed there for almost two years.

Plaintiff alleges in late February 2019 was sexually harassed on two occasions within a three-day period by Officer Garcia. (D.E. 12, p. 5). The first occasion reportedly occurred after Sgt. Colunga had made references to Plaintiff's sexuality. Specifically, Sgt. Colunga is alleged to have called Plaintiff a "punk bitch" after Plaintiff had refused to give up his house key. (D.E. 12, pp. 6, 8). According to Plaintiff, the term "punk bitch" in prison means that the individual is homosexual. (D.E. 12, p. 8).

Plaintiff further alleges Officer Garcia subsequently made a comment to Plaintiff at the chow hall that he "was gonna grab [Plaintiff's] ass and make [Plaintiff] do something." (D.E. 12, p. 6). Officer Garcia did not, however, sexually assault Plaintiff on this occasion. Officer Garcia learned about the incident between Sgt. Colunga and Plaintiff involving the "punk bitch" comment. Plaintiff alleges that three days later after his first inappropriate comment to Plaintiff, Officer Garcia approached Plaintiff and again told Plaintiff he would grab Plaintiff's ass and make Plaintiff do something. (D.E. 12, p. 7). Officer Garcia, however, did not sexually assault Plaintiff on this occasion either.

At some point, Sgt. Colunga arrested Plaintiff for refusing to give up his "house key"[3] and placed Plaintiff in disciplinary segregation for a few hours. Plaintiff believes

---

[3] The undersigned believes Plaintiff's use of the term "house key" refers to a key Plaintiff used to access a locker inside his cell.

Sgt. Colunga engaged in these actions in retaliation for Plaintiff being a homosexual and for failing to offer his house key.

An investigation into Defendants' conduct took place under PREA, which was enacted to reduce sexual abuse and harassment. According to Plaintiff, the PREA investigation supported Plaintiff's claims of sexual harassment. The investigation appeared to correct the problem as Defendants subsequently acted respectfully toward Plaintiff and did verbally issue any more threats. Despite Sgt. Colunga's actions in exposing Plaintiff's sexuality, Plaintiff was not assaulted by other inmates at the Garza West Unit. Plaintiff nevertheless perceived that he was receiving small and subtle threats from "people" at the unit.

Following the two incidents of sexual harassment by Officer Garcia, Plaintiff had thoughts of suicide and of assaulting the offending officer. Plaintiff clarified at the *Spears* hearing that he only seeks monetary relief. (D.E. 12, p. 11).

### III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v.*

*Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To

prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.   Eleventh Amendment Immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998).  As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues Defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment.  Thus, it is respectfully

recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

### B. PREA

Liberally construed, Plaintiff appears to claim a violation of the PREA regulations with respect to Defendants' conduct. "While it is true that PREA was enacted in an effort to reduce the occurrence of rapes in prisons by developing and implementing national standards and 'increas[ing] the accountability of prison officials who fail to detect, prevent, reduce, and punish prison rape,' nowhere in PREA is there language to suggest that it was created to provide a private cause of action or a federal right that could be enforced in a section 1983 action." *Herndon v. Tanner*, No. 17-02350, 2017 WL 3841836, at *4 (E.D. La. Jul. 26, 2017) (citing 42 U.S.C. §§ 15602, 15605; *Krieg v. Steele*, 599 F. App'x. 231, 232-33 (5th Cir. 2015)). Because there is no basis for a private suit, the undersigned recommends that Plaintiff's PREA claim be dismissed with prejudice as frivolous and/or for failure to state for relief.

### C. Sexual Harassment

Plaintiff claims that Defendants have subjected him to sexual abuse. It is well settled that crude, unprofessional, or harassing remarks, even verbal threats by prison staff to an inmate, do not rise to the level of a constitutional violation. *Field v. Corr. Corp.*, 364 F. App'x 927, 930 (5th Cir. 2010). *See also Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002) (holding that "claims of verbal abuse are not actionable" constitutional claims); *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (concluding that verbal threats do not rise to the level of a constitutional violation); *Siglar*

*v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1991) (*citing Bender v. Brumley,* 1 F.3d 271 (5th Cir. 1993)) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under Section 1983.").

However, sexual abuse of a prisoner by prison officials may violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment. *See Boddie v. Schnieder,* 105 F.3d 857, 860–61 (2d Cir. 1997). Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective element and a subjective element. First, the sexual abuse or assault must be objectively, sufficiently serious; second, the prison officials involved must have a sufficiently culpable state of mind. *See Boddie,* 105 F.3d at 861. The sexual abuse must be "severe or repetitive" to rise to the level of an Eighth Amendment violation. *See Boddie,* 105 F.3d at 861. "A single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d 2015).

Accepted as true, Plaintiff's allegations fail to state an Eighth Amendment sexual abuse claim. He alleges that: (1) Sgt. Colunga referred to him as "punk bitch," which in prison means that the individual is homosexual (D.E. 12, p. 8); and (2) Officer Garcia told Plaintiff twice in a three-day period that Officer Garcia subsequently made a comment to Plaintiff at the chow hall that he "was gonna grab [Plaintiff's] ass and make [Plaintiff] do something." (D.E. 12, pp. 6-7). Plaintiff acknowledges, however, that no sexual contact occurred between him and either Sgt. Colunga or Officer Garcia. He further makes no allegations to suggest that: (1) either Plaintiff's, Sgt. Colunga's, or

8 / 13

Case 2:20-cv-00195 Document 14 Filed on 10/22/20 in TXSD Page 9 of 13

Officer Garcia's genitalia was exposed during these brief incidents; or (2) the actions of Defendants led to Plaintiff suffering sexual assaults by other inmates who became aware of Plaintiff's sexual preferences through these incidents.

While the alleged conduct of Sgt. Colunga and Officer Garcia was verbally abusive, unprofessional, and reprehensible, it falls short of stating a constitutional claim. *See Copeland v. Numan*, 250 F.3d 743, 2001 WL 274738, at *3 (5th Cir. Feb. 21, 2001) (citing *Boddie*, 105 F.3d at 861). Accordingly, it is respectfully recommended that Plaintiff's claims based on Defendants' sexual abusive behavior be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### D. Retaliation

Plaintiff claims that he has been subjected to retaliation. While not expressly referred to in the Constitution, retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)). Thus, "[a] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected inmates." *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (citing *Morris*, 449 F.3d at 684).

9 / 13

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Jones*, 188 F.3d at 325. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.* In other words, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred. *Woods*, 60 F.3d at 1166.

Plaintiff claims that Sgt. Colunga retaliated against him for being a homosexual and for failing to offer his house key by arresting Plaintiff and placing him in segregation for a couple of hours. As discussed above, "the invocation of a specific constitutional

right is the first element of a retaliation claim." *Williams v. Sellers*, No. H-11-4287, 2014 WL 794191, at *11 (S.D. Tex. Feb. 26, 2014). Plaintiff's allegations, accepted as true, fail to identify the exercise of a specific constitutional right which led to the alleged acts of retaliation against him. Plaintiff does not allege that Sgt. Colunga undertook his adverse actions against Plaintiff in response to Plaintiff filing a grievance or civil rights complaint against him.

Furthermore, Plaintiff primarily relies on his personal belief that Sgt. Colunga retaliated against him and not on specific facts setting forth a coherent chronological series of events where retaliation can be inferred. Accordingly, the undersigned recommends that Plaintiff's retaliation claim against Sgt. Colunga be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### E. Supplemental Jurisdiction

If the district court dismisses the claims upon which federal jurisdiction was originally based, especially at the onset of a proceeding, it is prudent to decline to exercise supplemental jurisdiction over any state law claims and to dismiss those claims without prejudice. 28 U.S.C. § 1367(c); *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011). *See also LaPorte Construc. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986) (when district court dismisses federal claims at a preliminary stage of litigation, judicial economy argues against exercise of supplemental jurisdiction over state claims). Because Plaintiff's constitutional and PREA claims against Defendants are subject to dismissal, the undersigned respectfully recommends that the Court decline to

exercise supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress.

## V. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that: (1) Plaintiff's claim for money damages against Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment; (2) Plaintiff's constitutional and PREA claims against Defendants be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); (3) the Court **DECLINE** to exercise supplemental jurisdiction with respect to Plaintiff's state law claim for intentional infliction of emotional distress; and (4) Plaintiff's state law claim for intentional infliction of emotional distress be **DISMISSED without prejudice**.

It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 22nd day of October 2020.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).